# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS INC., <br> Plaintiff, | Case No. 1:14-cv-120 <br> Beckwith, J. <br> Litkovitz, M.J. |
| vs. | |
| LISA HAMMER, Individually, and as an officer, director, shareholder, and/or principal of West Club LLC d/b/a Reflections Night Club & Patio, <br> Defendant. | **REPORT AND RECOMMENDATION** |

On February 6, 2014, plaintiff filed this action pursuant to 47 U.S.C. § 605 and 47 U.S.C. § 553 alleging the unauthorized reception of cable services. However, defendant has not been served with the complaint in this matter. Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *Habib v. General Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court may either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m).

Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made

within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

On June 13, 2014, this Court ordered plaintiff to show cause, in writing and within twenty (20) days, why the complaint should not be dismissed against defendant for failure of service. To date, plaintiff has failed to respond to the Court's show cause order.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's complaint be dismissed without prejudice for failure of service.

Date: 7/10/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOE HAND PROMOTIONS INC.,     Case No. 1:14-cv-120
    Plaintiff,     Beckwith, J.: Litkovitz, M.J.
    vs.

LISA HAMMER, Individually, and as
an officer, director, shareholder, and/or
principal of West Club LLC d/b/a
Reflections Night Club & Patio,
    Defendant.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).